**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| HELEN WOO and : | |
| NFINITY PRODUCTS : | |
| AND SERVICES INC., : | |
| : | |
| Plaintiffs, : | CIVIL ACTION NO. |
| : | 1:10-CV-1018-RWS |
| v. : | |
| : | |
| NIKE, INC., : | |
| : | |
| Defendant. : | |

## **ORDER**

This case comes before the Court on Plaintiffs' Motion for Temporary Restraining Order and Interlocutory Injunction [2] and Defendant's Motion to Transfer the Case to the District of Oregon [3]. After a review of the record and a hearing held on April 12, 2010, the Court enters the following Order.

## **Background**

Plaintiff Helen Woo is a previous employee of Nike, Inc. ("Nike") and a party to a 1999 agreement ("Agreement") with Nike containing a non-compete clause. In 2010, Woo sought to depart from her employment with Nike and accept a position with Nfinity Products and Services, Inc. ("Nfinity"), a Georgia

corporation. Defendant Nike filed a Complaint against Plaintiffs Woo and Nfinity on March 11, 2010 in the Circuit Court of the State of Oregon for the County of Washington. In that pending suit Nike seeks a declaratory judgment and injunctive relief preventing Woo from violating the Agreement. Woo and Nfinity properly removed the action to the United States District Court of Oregon.

Subsequently, Plaintiffs Helen Woo and Nfinity, filed this instant action seeking a Temporary Restraining Order against Nike in the Superior Court of Gwinnett County. (Dkt. No. [2].) On April 6, 2010, Nike removed the Gwinnett County action to this Court. Plaintiffs assert that Nike's 1999 employment contract with Woo contains "overly broad noncompetition language to prevent Woo from working in Georgia for Nfinity." (Id. at 3.) In response, Nike requests that the Court transfer the action to the District of Oregon for resolution. (Dkt. No. [3].)

## Discussion

In seeking to transfer this action to the United States District Court for the District of Oregon, Defendant argues that: (1) the forum selection clause of Woo's employment contract identifies the State of Oregon as the exclusive

2

dispute resolution jurisdiction; (2) transfer is proper under the first filed rule; and (3) Oregon is more convenient. (Dkt. No. [3].)

Title 28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." "In considering a motion to transfer venue under Section 1404(a), the burden is on the moving party to establish the propriety of the transfer. Unless the balance is strongly in favor of the moving party, the plaintiff's choice of forum should not be disturbed." Paul, Hastings, Janofsky & Walker, L.L.P. v. City of Tulsa, 245 F. Supp. 2d 1248, 1260 (N. D. Ga. 2002)(internal citations omitted). "Section 1404 requires the court to consider three factors: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interest of justice." Southern Appalachian Biodiversity Project v. U. S. Forest Service, 162 F. Supp. 2d 1365, 1367 (N. D. Ga. 2001). The parties do not dispute, and the Court agrees, that this action could have been brought in the District of Oregon. Jurisdiction is proper over Defendant Nike in the State of Oregon and the employment contract between Woo and Nike specifies that claims can be brought in Oregon. (Dkt. No. [3] at 5.)

3

The Court is most persuaded by Defendant's argument pertaining to the first filed rule. "The 'first filed' rule provides that 'when parties have instituted competing or parallel litigation in separate courts, the court initially having jurisdiction should hear the case.'" Barnett v. Alabama, 171 F. Supp. 2d 1292, 1296 (S.D. Ala. 2001) (decision of three judge panel) (quoting Allstate Ins. Co. v. Clohessy, 9 F. Supp. 2d 1314, 1315-16 (M.D. Fla. 1998); see also Manuel v. Convergys Corp., 430 F.3d 1132, 1135 (11th Cir. 2005) ("Where two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule."). "The rule rests on principles of comity and sound judicial administration" and serves "to maximize judicial economy and minimize embarrassing inconsistencies by prophylactically refusing to hear a case raising issues that might substantially duplicate those raised by a case pending in another court." Cadle Co. v. Whataburger of Alice, Inc., 174 F.3d 599, 604 (5th Cir. 1999). In the Eleventh Circuit, "the party objecting to jurisdiction in the first-filed forum [must] carry the burden of proving 'compelling circumstances' to warrant an exception to the first-filed rule." Manuel, 430 F.3d at 1135; see also Merrill Lynch, Pierce, Fenner &

4

Smith, Inc. v. Haydu, 675 F.2d 1169, 1174 (11th Cir. 1982) ("In [the] absence of compelling circumstances, the court initially seized of a controversy should be the one to decide the case.").

In this case, it is beyond dispute that there is substantial overlap between the Oregon and Georgia Actions. Both cases arise out of the same employment contract dispute—namely, the enforceability of the Covenant Not to Compete and Non-Disclosure Agreement between Woo and Nike. The Parties do not dispute that the Oregon Action was filed in advance of the Georgia Action. While Plaintiffs contend that the Oregon Action was filed prematurely, on the day that Woo announced her departure from Nike, in a strategic race to the courthouse, the Court finds that the Oregon Action was merely filed according to the jurisdictional provisions dictated by the employment Agreement.

" '[T]he 'first to file rule' not only determines which court may decide the merits of substantially similar issues, but also establishes which court may decide whether the second suit filed must be dismissed, stayed or transferred and consolidated.' " Cadle, 174 F.3d at 606 (quoting Sutter Corp. v. P & P Indus., Inc., 125 F.3d 914, 920 (5th Cir. 1997)). Courts applying this rule generally agree "that the court in which an action is first filed is the appropriate

5

court to determine whether subsequently filed cases involving substantially similar issues should proceed." Id. (quotations omitted); e.g., Perkins v. Am. Nat. Ins. Co., 446 F. Supp. 2d 1350, 1353 (M.D. Ga. 2006) ("[U]nder the 'first-filed rule,' the court where the subsequently filed action has been filed should defer to the court where the first action was filed to allow that court to decide whether it should exercise jurisdiction over both cases in a consolidated action."); Street v. Smith, 456 F. Supp. 2d 761, 768 (S.D. Miss. 2006) (same); Kate Aspen, Inc. v. Fashioncraft-Excello, Inc., 370 F. Supp. 2d 1333, 1338 (N.D. Ga. 2005) ("[T]he first-filed rule generally requires the first court to decide whether the first-filed rule should apply, or whether a narrow exception to the rule that only applies in 'compelling circumstances,' favors transfer of the first-filed case to the second court for consolidation." (citations omitted)). Thus, once the Court determines that a likelihood of substantial overlap exists between the two suits, it is no longer up to the second filed court to resolve the question of whether both should be allowed to proceed. Cadle, 174 F.3d at 606; Mann Mfg. v. Hortex, Inc., 439 F.2d 403, 408 (5th Cir. 1971).[1] Rather, "the

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to October 1, 1981.

6

proper course of action [is] for the court to transfer the case to the [first-filed] court to determine which case should, in the interests of sound judicial administration and judicial economy, proceed." Cadle, 174 F.3d at 606. Because, as noted above, it is beyond dispute that the Georgia Action post-dates the Oregon Action, and it is clear that there is a likelihood of substantial overlap between the two cases, the United States District Court for the District of Oregon is the appropriate court to decide whether the Georgia Action should be allowed to proceed, or whether it should be consolidated with the Oregon Action. Given the Court's authority under 28 U.S.C. § 1406(a) to transfer a case to another district or division "in which it could have been brought," the Clerk is directed to **TRANSFER** this action to the United States District Court for the District of Oregon. Plaintiffs' Motion for Temporary Restraining Order and Interlocutory Injunction [2] is **DEFERRED** for ruling after transfer.

Conclusion

Based on the foregoing, Defendant's Motion to Transfer the Case to the District of Oregon [3] is **GRANTED**, and Plaintiffs' Motion for Temporary Restraining Order and Interlocutory Injunction [2] is **DEFERRED** for a ruling

7

after transfer. The Clerk shall **TRANSFER** this action to the United States District Court for the District of Oregon.

**SO ORDERED** this   19th   day of April, 2010.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

8